UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YVONNE A'RAE LAISURE-RADKE, *et al.*,

    Plaintiffs,

v.

BARR LABORATORIES, INC., *et al.*,

    Defendants.

CASE NO. C03-3654RSM

ORDER GRANTING MOTION TO AMEND AND MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendants' Motion to Amend Answers and to Dismiss Plaintiff's Claims with Prejudice. (Dkt. #151). Defendants argue that under the doctrine of judicial estoppel, and the pertinent case law in this Circuit and in Washington State, plaintiff should be precluded from pursuing her wrongful death claims on the basis that she failed to disclose her interest in the instant action during her Chapter 7 bankruptcy proceedings.

Plaintiff responds that she did not intentionally mislead the Bankruptcy Court by failing to disclose her interest in the instant suit. She argues that because the suit had not been filed, and because her bankruptcy attorney filed a short form application in which there was no specific question about any contingent interest she had in any lawsuits, she didn't understand that her potential claims

ORDER
PAGE - 1

1    were an asset she should disclose. Plaintiff also argues that because she has since reopened her

2    bankruptcy action, and converted it from a Chapter 7 to a Chapter 13 action, she should be allowed to

3    pursue the litigation and ultimately pay off her creditors if she recovers damages. Finally, plaintiff

4    asserts that even if her claims are dismissed, Mr. Radke's children should be substituted in as plaintiffs

5    because they are statutory beneficiaries of a wrongful death suit just as she is.

6    For the reasons set forth below, the Court disagrees with plaintiff and GRANTS defendants'

7    motion to amend and dismiss.

## II. DISCUSSION

### A. Background

Plaintiff, Yvonne A'Rae Laisure-Radke, brings this lawsuit on behalf of herself and as individual representative of her late husband's estate. She alleges that her husband, Douglas Radke, committed suicide while under the influence of the antidepressant drug fluoxetine, which is the generic version of Eli Lilly's Prozac. Defendants manufacture, distribute and market the generic drug. Plaintiff essentially asserts that defendants were aware of an increased risk of suicidality in users of the class of antidepressant drugs within which Fluoxetine lies, known as selective serotonin reuptake inhibitors ("SSRIs"), well before the death of Ms. Laisure-Radke's husband, but did not adequately warn of that risk.

Plaintiff filed for Chapter 7 bankruptcy on January 7, 2003. She was represented by counsel. Plaintiff failed to disclose her interest in the instant lawsuit in her bankruptcy petition, although the suit had not yet been filed at that time.

On May 13, 2003, plaintiff obtained a discharge of her debts, and her bankruptcy case was closed. Plaintiff filed the instant lawsuit on November 21, 2003.

### B. Motion to Amend

Defendants first ask this Court for leave to amend their Answers to include the affirmative

ORDER
PAGE - 2

defense of judicial estoppel. (Dkt. #151 at 4-5). Federal Rule of Civil Procedure 15(a) states that leave to amend shall be freely given when justice so requires. Defendants argue that amendment in this case should be granted because the material facts supporting their defense would not create any additional discovery and would not cause undue delay of this case.

Plaintiff fails to respond to that argument. This Court's Local Rules state that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rule CR 7(b)(2). Accordingly, the Court grants defendants' motion to amend their Answers, and will direct the Clerk to file the proposed Amended Answers submitted with their motion.

**C. Judicial Estoppel**

Defendants next ask this Court to dismiss the instant lawsuit based on the theory of judicial estoppel, because plaintiff failed to list her potential claims as an asset in her Chapter 7 Bankruptcy petition. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citations omitted). It is not only limited to asserting inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases. *Id.* at 782-83. The doctrine is intended to protect the integrity of the judicial process; therefore, judicial estoppel "is an equitable doctrine invoked by a court at its discretion." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990), *cert denied*, 501 U.S. 1260 (1991).

In support of their motion, defendants primarily rely on the Ninth Circuit Court of Appeals' decision in *Hamilton v. State Farm Fire & Cas. Co.*, *supra*. In that case, the Court of Appeals determined that Mr. Hamilton was judicially estopped from pursuing a nondisclosed insurance action because he had knowledge of the claims when he filed his bankrupcty petition, but failed to disclose

ORDER
PAGE - 3

them. *Hamilton*, 270 F.3d at 784.  The court noted that it "must invoke judicial estoppel to protect the integrity of the bankruptcy process." *Id.* at 785.  In the instant case, defendants argue that, for the same reasons upon which the Ninth Circuit relied in *Hamilton*, the instant action should also be dismissed.  The Court agrees.

In *Hamilton*, the Ninth Circuit Court of Appeals affirmed the district court's application of judicial estoppel to bar the claims of an insured who had failed to list potential claims against his insurance company as an asset in his bankruptcy petition, but then later sued the insurance company on the same claims.  The court held that "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset.  *Hamilton*, 270 F.3d at 784 (citations omitted).  The instant action presents similar facts.  As in *Hamilton*, plaintiff had knowledge that a cause of action against defendants existed at the time she filed for bankruptcy.  Indeed, during oral arguments, plaintiff's counsel specifically stated that plaintiff thought she had a wrongful death claim, and that's why she contacted an attorney who had specialized experience in such claims.  The investigation into such a claim is clearly evidenced by the March 24, 2003 medical authorization she signed to permit her counsel to obtain Doug Radke's medical records, and by her counsel's May 7, 2003 letter to the coroner's office requesting blood samples from Mr. Radke.  In addition, Eva Browning, Mr. Radke's ex-wife, testified during deposition that plaintiff had told her she had retained an attorney and would be suing Mr. Radke's doctor, pharmacist, counselors, and the drug manufacturers for Mr. Radke's death.

The Court of Appeals has explained that:

> [t]he debtor, once he institutes the bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by listing all his assets.  The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims.'  The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy

ORDER
PAGE - 4

> proceeding. [Plaintiff's] failure to list his claims against State Farm as assets on his bankruptcy schedules deceived the bankruptcy court and [plaintiff's] creditors, who relied on the schedules to determine what action, if any, they would take in the matter. [Plaintff] did enjoy the benefit of both an automatic stay and a discharge of debt in his Chapter 7 bankruptcy proceeding. *However, it is his failure to disclose assets on his bankruptcy schedules that provides the most compelling reason to bar him from prosecuting claims against State Farm.*

*Hamilton*, 270 F.3d at 785 (citation omitted) (emphasis added).

Similarly, the Washington State Court of Appeals recently found that "[p]ossible causes of action should be listed, *even if the likelihood of success is unknown.*" *Cunningham v. Reliable Concrete Pumping*, 126 Wn. App. 222, 230 (2005) (emphasis added). The court then held that the plaintiff's failure to disclose a potential L&I claim during his bankruptcy proceedings fulfilled the first criterion of judicial estoppel. *Id.*

Plaintiff argues that the Court should consider the fact that she did not intend to mislead the Bankruptcy Court, and attempts to distinguish *Hamilton* on the basis that Mr. Hamilton was specifically asked to disclose any contingent legal claims, while she was not. The Court is not persuaded.

The United States Supreme Court has listed three factors that courts may consider in determining whether to apply the doctrine of judicial estoppel. *New Hampshire v. Maine*, 532 U.S. 742 (2001). Significantly, the Supreme Court noted that "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create '*the perception* that either the first or the second court was misled,' *id.* (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)) (emphasis added). Thus, while plaintiff's argument is compelling, it is of little relevance.

Plaintiff also argues that because she has reopened her bankruptcy proceeding and converted it to a Chapter 13 suit the Court should allow her to continue the instant litigation. Again, the Court is not persuaded. In *Hamilton*, the Ninth Circuit expressly rejected a similar argument, holding that a

ORDER
PAGE - 5

1  plaintiff "is precluded from pursuing claims about which he had knowledge, but did not disclose,
2  during his bankruptcy proceedings, and that a discharge of debt by a bankruptcy court, under these
3  circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is
4  later vacated." *Hamilton*, 270 F.3d at 784.

5  Finally, plaintiff argues that precluding her lawsuit creates a windfall for defendants and harms
6  her creditors. Without commenting on the merits of this case, ignoring the amount defendants have
7  already spent defending this litigation for the last three years, and assuming that plaintiff would
8  successfully recover in this action in an amount sufficient to cover the amounts owed to her creditors
9  and more, perhaps plaintiff's argument is correct. However, the Court's interest in protecting the
10 judicial system outweighs the interest of plaintiff's creditors or the value of preventing a windfall to
11 defendants. *See Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 556 (9th Cir. 1992);
12 *Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570, 571 (1st Cir. 1993).

13 Accordingly, the Court will apply judicial estoppel in the instant case, and hereby precludes
14 plaintiff from pursuing the wrongful death action she failed to disclose during her Chapter 7
15 bankruptcy proceeding.

16 **D.  Substitution of Plaintiffs**

17 Plaintiff argues that even if her claims are precluded, Mr. Radke's children are allowed to
18 pursue their claims, and therefore, the Court should permit substitution of them as plaintiffs in this
19 action.

20 The Court notes that, in Washington, a wrongful death suit is a statutory action brought by a
21 lawful personal representative of the deceased for the benefit of statutory beneficiaries. RCW
22 4.20.010. Those beneficiaries include the children of a decedent. RCW 4.20.020. However, after
23 listening to the parties' positions on this issue at oral argument, the Court requires further briefing
24 prior to deciding whether it is appropriate to substitute Mr. Radke's children as plaintiffs to this

ORDER
PAGE - 6

action. The Court sets forth a briefing schedule for this supplemental briefing below.

### III. CONCLUSION

Having reviewed defendants' motion to amend and dismiss, plaintiff's response, defendants' reply, the exhibits and declarations in support of those briefs, and the remainder of the record, and having heard oral argument on this motion on June 21, 2006, the Court hereby ORDERS:

(1) Defendants' Motion to Amend Answers (Dkt. #151) is GRANTED. The Clerk SHALL post defendants' proposed Amended Answers, which are attached to the motion at Dkt. #151.

(2) Defendants' Motion to Dismiss (Dkt. #151) is GRANTED. However, before this case is closed, the Court shall consider supplemental briefing pertaining to the issue of substitute plaintiffs. The briefing schedule for that briefing is as follows:

a. Plaintiff's Supplemental Motion to Substitute Plaintiff shall be filed no later than July 21, 2006, and shall be NOTED for consideration on August 11, 2006.

b. Defendants' Supplemental Response shall be filed no later than August 7, 2006.

c. Plaintiff's Supplemental Reply may be filed no later than August 11, 2006.

(3) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 22nd day of June, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE