UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YVONNE A'RAE LAISURE-RADKE, *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>BARR LABORATORIES, INC., *et al.*, <br><br>　　　　　Respondent. | CASE NO. C03-3654RSM <br><br> ORDER OF DISMISSAL |

This matter comes before the Court on plaintiff's Motion for Leave to Amend and Substitute and Motion to Sever. (Dkts. #178 and #200). Former plaintiff, Yvonne A'Rae Laisure-Radke, initially brought this lawsuit on behalf of herself and as individual representative of her late husband's estate. She alleged that her husband, Douglas Radke, committed suicide while under the influence of the antidepressant drug fluoxetine, which is the generic version of Eli Lilly's Prozac. Defendants manufacture, distribute and market the generic drug. Plaintiff essentially asserted that defendants were aware of an increased risk of suicidality in users of the class of antidepressant drugs within which Fluoxetine lies, known as selective serotonin reuptake inhibitors ("SSRIs"), well before the death of Ms. Laisure-Radke's husband, but did not adequately warn of that risk.

On June 22, 2006, this Court dismissed Ms. Laisure-Radke as a plaintiff in this action due to her failure to disclose this action during her bankruptcy proceedings. (Dkt. #176). However, before

ORDER
PAGE - 1

1  the Court closed the case, it asked the parties to submit briefing as to the possibility of a substitute

2  plaintiff. Ms. Laisure-Radke then filed a motion to amend asking that Briana Radke, Mr. Radke's

3  daughter from a prior marriage, be substituted as plaintiff in this action.[1]  That motion was briefed by

4  the parties, but, before the Court ruled on the motion, defendants filed a motion to appoint a guardian

5  *ad litem* for Mr. Radke's minor son, Theo Radke.

6  On August 28, 2006, the Court granted defendants' motion, and appointed a guardian *ad litem*

7  for Theo Radke. (Dkt. #192). At the same time, the Court removed the motion to amend from the

8  Court's motion calendar, and directed the parties to meet with the guardian *ad litem* and then jointly

9  advise the Court whether the motion to amend should be replaced on the motion calendar. The Court

10  subsequently held a status hearing. During that status hearing, counsel and the guardian *ad litem*

11  advised the Court as to possible next steps in this action. At the same time, defendants suggested that

12  supplemental briefing would be useful to the Court, and the Court agreed. Such supplemental briefing

13  has since been filed. (Dkts. #207 and #208). The Court has replaced pending motions on the Court's

14  motion calendar, and those motions are now ripe for consideration.

15  Having considered plaintiff's motions, defendants' oppositions, plaintiff's replies, and the

16  remainder of the record, the Court hereby finds and ORDERS:

17  (1) Plaintiff's Motion to Amend and Substitute (Dkt. #178) is DENIED. The parties have

18  informed the Court that Brianna Radke has agreed to settle claims against defendants, and has

19  explicitly informed counsel that she does not wish to be substituted as a plaintiff to this action. Ms.

20  Laisure-Radke acknowledges that she can no longer advocate for Brianna's substitution.[2]

21  Further, the Court DENIES Ms. Laisure-Radke's request that this Court reconsider its

---

[1] Briana Radke has since been officially appointed as the personal representative of Mr. Radke's estate. (Dkt. #195).

[2] As a result of this determination, the Court finds defendants' Motion for Leave to File a Sur-Reply (Dkt. #185) moot.

ORDER
PAGE - 2

previous dismissal of her claims in light of recent rulings in the Washington State Court of Appeals and in the United States District Court for the Western District of Washington. The time to move this Court for reconsideration of its previous Order has long passed. Ms. Laisure-Radke is, however, free to make any arguments she wishes on appeal, should she choose to appeal. The Court likewise declines to make any determination with respect to her capacity as a plaintiff to this action.

(2) Plaintiff's Motion to Sever (Dkt. #200) is DENIED AS MOOT. There are no remaining claims in this case, and final judgment will be entered as a result of this Order.

(3) With respect to minor Theo Radke, the Court once again notes that he is not, and has not ever been, a party to this case. Indeed, the only reason for this Court's appointment of a guardian *ad litem* for Mr. Radke was to facilitate settlement negotiations. (Dkt. #192). It appears that negotiations have taken place, and settlement has been accomplished. Accordingly, the Court need not approve any settlement offered to Mr. Radke by defendants.

Further, Ms. Jo-Hanna Read is hereby RELEASED from her duties as guardian *ad litem* unless defendants and/or Ms. Read inform the Court that her supervision remains necessary.

(4) Finally, the Court turns to plaintiff's pending Notice of Claim of Lien, and the extent to which it applies to any settlement, should such settlement be perfected. On April 16, 2007, Ms. Laisure-Radke's counsel filed a Notice of Attorney's Claim of Lien pursuant to RCW 60.40, *et seq*. (Dkt. #204). That notice purports to reach any settlement by any person in or outside of this action. Based on the language of the notice, it appears that Ms. Laisure-Radke's counsel seeks a lien pursuant to subsection 60.40.010(1)(e). However, such lien is void by virtue of the fact that judgment has not yet been entered in this case. *See* RCW 60.40.010(1)(e) (requiring that judgment be entered prior to filing a claim of lien); *Jones v. Int'l Land Corp.*, 51 Wn. App. 737, 743 (1988) ("[S]ubsection 4 authorizes a judgment lien effective only after entry of the judgment."); *Cline Piano Co. v. Sherwood*, 57 Wn. 239, 243 (1910) (explaining that the lien on the cause for his fees does not attach until the

1  judgment is entered). More importantly, in Washington, the lien applies only to judgments entered in

2  favor of the attorney's client. *Suleiman v. Cantino*, 33 Wn. App. 602, 606-07 (1983). In this case,

3  there has been no judgment in favor of Ms. Laisure-Radke, and neither Brianna nor Theo Radke were

4  ever clients of Ms. Laisure-Radke's counsel. Accordingly, there is no valid attorney's lien relating to

5  this action.

6  (5) For the reasons previously set forth by this Court, Ms. Laisure-Radke's claims against

7  defendants are DISMISSED with prejudice, and this case is now CLOSED.

8  (6) The Clerk SHALL forward a copy of this Order to guardian *ad litem* Jo-Hanna Read, and

9  to all counsel of record.

10  DATED this 16 day of May, 2007.

12  RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

26  ORDER
PAGE - 4